# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JAMES WESLEY SCOTT, #20590**                                      **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 2:06-cv-190-KS-MTP**

**SANDRA HENDRIX FORTENBERRY and JOHN DOE**          **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff Scott, an inmate of the Mississippi Department of Corrections, currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  Sandra Hendrix Fortenberry, Court Reporter and John Doe.

The Plaintiff is currently serving a fifteen-year sentence of imprisonment for a 2001 robbery conviction from Forrest County, Mississippi.[1]  The Plaintiff asserts that Defendant Fortenberry, as the official court reporter, was directed by the Mississippi Supreme Court to file the transcripts of the circuit court proceedings of his criminal case by June 3, 2002. The Plaintiff complains that Defendant Fortenberry failed to file the transcripts of these proceedings, even after a sanction order was issued on January 23, 2004, by the Mississippi Supreme Court. <u>Compl</u>. [1], p.4(a).  The Plaintiff contends that after a lengthy delay, another court reporter was appointed and the transcript was finally complete on July 19, 2004, allowing his direct appeal to "move forward."  <u>Compl</u>.[1], p.4(b).[2]  The Plaintiff states that his direct appeal is currently

---

[1] According to the Plaintiff's complaint combined with the Mississippi Department of Corrections online records.

[2] The online docket of the Mississippi Supreme Court for the Plaintiff's direct appeal, cause number 2002-KP-00798-COA, contains an entry on September 27, 2004 stating "record filed."

pending with the Mississippi Court of Appeals.  Resp. [7], p.2.

The Plaintiff claims that his constitutional right to a "speedy appeal and due process" has been violated by Defendant Fortenberry's failure to perform her official duties.  Compl.[1], p.4(b).  The Plaintiff asserts that Defendant Fortenberry's failure to provide his trial transcripts in a timely manner violated the Mississippi Rules of Appellate Procedure and Mississippi statutory law.  Resp. [7], p.1.  The Plaintiff is seeking "2 million dollars as compensatory damages" and "$8,800.00 as punitive damages" from Defendant Fortenberry.  Compl. [1], p.5.

## Analysis

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  This Court may sua sponte raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir.1990)(see also Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir.1999)).  Although the Court certainly has jurisdiction over § 1983 claims, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  See Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).

As the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'"  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000)(citing Liedtke v. State Bar of

Texas, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[3]  "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."  Weekly, 204 F.3d at 615.  "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief."  Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986).  If the Court allowed the Plaintiff to proceed with his claims, it would result in this Court reviewing the decisions of the Mississippi Supreme Court in the Plaintiff's pending direct appeal of his criminal conviction.  This Court simply does not have jurisdiction to entertain the Plaintiff's cause of action and to grant the requested relief in this action.

Even if the Plaintiff were able to establish federal jurisdiction, his claims are barred by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In Heck, the court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

---

[3] Referencing Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 2372 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).  A judgment in favor of the Plaintiff in this action would necessarily imply the invalidity of his conviction or sentence.  Therefore, even if Plaintiff were able to demonstrate this Court's jurisdiction, he clearly states that his conviction and sentence have not been invalidated  in order to overcome the bar to this suit established by Heck v. Humphrey.

## Conclusion

As discussed above, this Court does not have jurisdiction to review, modify, or nullify decisions entered by the state courts in the Plaintiff's pending direct appeal of his criminal conviction.  Consequently, this civil rights complaint filed by the Plaintiff pursuant to 42 U.S.C. § 1983, will be dismissed for this Court's lack of jurisdiction.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 21st day of February, 2007.


                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE