IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES WESLEY SCOTT, #20590**                                                             **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 2:06cv190KS-MTP**

**SANDRA HENDRIX FORTENBERRY and JOHN DOE**            **DEFENDANTS**

<u>**AMENDED ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**</u>

BEFORE THE COURT is the Plaintiff's Motion for Reconsideration [10] filed March 9, 2007, in this cause pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff moves the Court to reconsider the final judgment [9] of dismissal entered on February 26, 2007. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130

F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

After consideration of the above listed factors and relevant case law, the Court finds that the Plaintiff's motion for reconsideration should be denied.  Plaintiff has failed to offer any evidence or arguments that were not initially available to him at the time his complaint and response [7] were filed.  Plaintiff's motion merely expresses disagreement with the ruling of the Court, including the contention that this Court should have allowed him to amend his complaint before this action was dismissed.  This Court did order the Plaintiff to file a response containing additional information, including specifically how the defendant violated his constitutional rights.  Nevertheless, this Court does not have an obligation to provide the Plaintiff with an opportunity to amend when no viable claim is perceptible from the underlying facts asserted in the Plaintiff's pleadings.  *See Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir.1999).  The Court has thoroughly reviewed the instant motion [10], Plaintiff's complaint together with his response [7] and determined that the correct legal finding was issued in this cause.  Moreover, the Plaintiff has failed to meet the requisite legal standard for the Court to grant a motion to reconsider.[1]

IT IS HEREBY ORDERED that the Plaintiff's Motion to Reconsider the Final Judgment [10] filed March 9, 2007, should be and is hereby **DENIED.**

---

[1] In an effort to be exhaustive, the Court has also considered the Plaintiff's motion under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE and determined that the motion should likewise be denied.  S*ee Texas A&M Research Found. v. Magna Transportation Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).

This the ___22nd___ day of March, 2007.

               *s/ Keith Starrett*
             UNITED STATES DISTRICT JUDGE